THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK CENTRAL RAILROAD COMPANY, Respondent, against STATE TAX COMMISSION, Appellant.— Appeal from so much of final orders of the Supreme Court entered in the Albany County clerk's office on December 28, 1942, upon the report of a referee, as held that the occupation by relator within the town of Massena, St. Lawrence County, known as Raquette River Railroad Bridge is not a special franchise, that the assessment thereof is illegal and is ordered canceled, and directs the refund of taxes paid by relator thereon and that the assessment on the assessment rolls be corrected accordingly. This certiorari proceeding under the Tax Law involves special franchise assessments made in the town of Massena, St. Lawrence County, against the New York Central Railroad Company for the years 1920 to 1938 inclusive, on account of a railroad bridge over

the Raquette River between the village of Massena and the St. Lawrence River. The taxability of this railroad bridge as a special franchise depends on whether or not the Raquette River is navigable at the point where it is crossed by the bridge. The Raquette has been twice declared a public highway by the Legislature of New York for the purpose of transporting logs and lumber and other property. (L. 1810, ch. 180; L. 1850, ch. 264.) This navigability has been authorized to be improved by chapter 90 of the Laws of 1869, amended by chapter 148 of the Laws of 1877 and by chapter 359 of the Laws of 1878. An appropriation for this purpose was made by chapter 374 of the Laws of 1882. It was said by the Court of Appeals in *Morgan* v. *King* (35 N. Y. 454) that the Raquette was boatable from its mouth to Raymondville, twenty miles, which includes the location here in question. The proof in the present record also indicates that this portion of the river is navigable within the test laid down in *Morgan* v. *King* (*supra*) and subsequent cases. The findings of the referee to the contrary are not in accord with the evidence. The test is not whether the railroad bridge interferes with the use of the stream as a highway as indicated by the referee. Final orders reversed on the law and facts, with fifty dollars costs and disbursements in one proceeding and assessments confirmed, with fifty dollars costs and disbursements in one proceeding. The court reverses findings of fact numbered 18, 19, 20, 21, 22, 23 and 24 and disapproves conclusions of law 1, 2 and 3 contained in relator's findings of fact and conclusions of law. The court makes all findings of fact and conclusions of law contained in respondent's proposed findings of fact and conclusions of law. Final orders granted in favor of respondent, confirming the assessments as made, with costs in one proceeding in this court and the court below in accordance with the facts and conclusions as above found. All concur.